# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Overholser,<br><br>                    Plaintiff,<br><br>    v.<br><br>Portfolio Recovery Associates, LLC,<br><br>                    Defendant(s). | **COMPLAINT** |

Plaintiff DONALD OVERHOLSER, by and through his attorneys, Martin W. Saltzman P.C., complaining of the Defendant, hereby alleges as follows:

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  Venue is properly in this Court under 28 U.S.C. 1391 §§ (b)(2) and (b)(3), because a substantial part of the events giving rise to the claim occurred in this judicial district and Defendant is subject to this Court's personal jurisdiction with respect to this action.

## PARTIES

3. Plaintiff, Donald Overholser, is an adult residing in Kingman, AZ.

4. Defendant Portfolio Recovery Associates, LLC is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 140 Corporate Blvd, Norfolk, VA 23502. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## FACTUAL ALLEGATIONS

7. Defendant Portfolio Recovery Associates, LLC ("PRA") attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Portfolio Recovery Associates, LLC.

8. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

9. Defendant sent Plaintiff an initial validation letter dated August 29, 2018.

10. This letter contained the FDCPA-mandated thirty-day notice which gives the consumer thirty days to dispute the debt and/or request verification, and/or request the name and address of the original creditor. During these thirty days the debt collector may not ask for payment.

11. However, within the thirty day window, approximately one week later, PRA sent Plaintiff another letter dated September 6, 2018 demanding payment in full. This second letter overshadows and contradicts Plaintiff's right to dispute

the debt and/or request verification, and/or request the name and address of the original creditor, within thirty days, and therefore violates the FDCPA.

12. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

14. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and Arizona state law and the rights of the Plaintiff herein.

15. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, emotional and mental pain and anguish.

**CLAIMS FOR RELIEF**
(Fair Debt Collection Practices Act)

16. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 15 herein.

17. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

18. Defendant violated provisions of the FDCPA, including, but not limited to, the following:

19. The FDCPA § 1692g(a)(4) mandates that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall send the consumer a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

20. The FDCPA § 1692g(a)(5) mandates that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall send the consumer a written notice containing a statement that if the consumer requests in writing, within the thirty-day period, the name and address of the original creditor, the debt collector will provide the name and address of the original creditor, if different from the current creditor.

21. Section 1692g(b) further provides that if the consumer notifies the debt collector in writing that the debt is disputed, or that the consumer requests the name and address of the original creditor, the debt collector must cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt, or the name and address of the original creditor, and a copy of such verification, or name and address of the original creditor, is mailed to the consumer by the debt collector.

22. Defendant violated the above provisions of the FDCPA, as Defendant's second letter to Plaintiff overshadows and contradicts Plaintiff's right to dispute the debt and/or request verification, and/or request the name and address of the original creditor, within thirty days of the mailing of the initial dunning letter. Additionally, Defendant failed to cease collection of the debt during these thirty days, in violation of the FDCPA.

23. The above violations of § 1692g are also violations of § 1692e(10), as the least sophisticated consumer would be misled as to his or her ability to respond to or dispute collection.

24. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000.00, attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment in the sum of $10,000.00 be entered against Defendant as follows:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper.

Dated: August 14, 2019

                                  **Martin W. Saltzman P.C.**

                    By: <u>/s/ *Martin W. Saltzman*</u>
                        Martin W. Saltzman, Esq.
                        PO Box 2336/
                        7001 E Leisure Lane
                        Carefree, AZ 85377
                        Tel 480-540-5999
                        Fax 480-391-1440
                        martysaltzman@gmail.com
                        *Attorneys for Plaintiff*